Defendant's Notice of Removal

# EXHIBIT "B"

# Donna Kay M<sup>c</sup>Kinney

| District Clerk |  | Bexar County |

# CERTIFICATE
### (Entire File)

**STATE OF TEXAS**
**COUNTY OF BEXAR**

I, <u>Irma Torres</u>,  Deputy District Clerk for ***Donna Kay M<sup>c</sup>Kinney***, District Clerk of Bexar County, Texas, do hereby certify that the documents found to be in Cause Number <u>2017-CI-01329</u> and Styled <u>ERICK FELAN VS CAZILA DORIN ET AL</u> filed in the <u>225th</u> Judicial District Court of Bexar County, Texas, and which represents the content of the entire file and certified as being held and recorded within the District Clerk's Office of Bexar County, Texas.

**GIVEN UNDER MY HAND AND OFFICIAL SEAL** of said court at the office in the City of San Antonio, Bexar County, Texas, on this the March 24, 2017.

*Donna Kay M<sup>c</sup>Kinney*
*Bexar County District Clerk*

By: _____
Irma K. Torres, Deputy



FILED
1/24/2017 10:55:52 AM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Edgar Garcia

CITPPS-SAC1 W/JD

CAUSE NO. **2017CI01329**

| | | |
|---|---|---|
| **ERICK FELAN,** | § | IN THE DISTRICT COURT |
| *Plaintiff* | § | |
| | § | |
| **VS.** | § | 225 TH JUDICIAL DISTRICT |
| | § | |
| **CAZILA DORIN,** | § | |
| *Defendant* | § | BEXAR COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION, TRCP 193.7 NOTICE OF SELF-AUTHENTICATION, TRCP 194.2 REQUESTS FOR DISCLOSURE AND ATTACHED DISCOVERY

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES **ERICK FELAN**, hereinafter referred to by name or as Plaintiff, and complains of **CAZILA DORIN**, hereinafter referred to by name or as Defendant, and for cause of action would respectfully show unto the Court as follows:

### I.
### DISCOVERY CONTROL PLAN

1.      Plaintiff intends that discovery be conducted under LEVEL 3 of RULE 190 of the TEXAS RULES OF CIVIL PROCEDURE.

### II.
### PARTIES

2.      Plaintiff **ERICK FELAN** (DL No. xxxxx332, SSN xxx-xx-x712) is an individual residing in Bexar County, Texas.

3.      Defendant **CAZILA DORIN** is an individual residing in Cherokee County, Georgia, and may be served with process at her residence, located at 204 Cleavers Close, Woodstock, Georgia, 30188.

## III.
## JURISDICTION & VENUE

**4.**      This Court has jurisdiction over the parties because the amount in controversy is within

the jurisdictional limits of this Court. Additionally, this Court has jurisdiction over the parties

because Defendant is a Texas resident and/or does business in the State of Texas.

**5.**      Venue is proper in Bexar County in this cause pursuant to § 15.002(a)(1) of the CIVIL

PRACTICE & REMEDIES CODE because the incident which forms the basis of this lawsuit occurred

in Bexar County, Texas.

## IV.
## FACTS

**6.**      On or about March 27, 2015, Plaintiff **ERICK FELAN** was operating a 1999 Pontiac

Firebird in a lawful manner while entering IH-10 West in San Antonio, Bexar County, Texas,

when his vehicle was suddenly, violently, and without warning struck on the left front quarter

panel by Defendant **CAZILA DORIN**, who was operating a 2007 Volvo VN TT Semi pulling a

trailer and failed to yield the right of way to another vehicle.  As a result of the collision, Julio

Cabrera, the investigating officer with the San Antonio Police Department, was called to the

scene and, after an investigation, found **CAZILA DORIN** to be the at-fault driver.

## V.
## CAUSES OF ACTION AGAINST
## DEFENDANT CAZILA DORIN

### A.      *NEGLIGENCE*

**7.**      The occurrence made the basis of this suit, reflected in the above paragraphs, and the

resulting injuries and damages of Plaintiff were proximately caused by the negligent conduct of

the Defendant **CAZILA DORIN**, who operated the vehicle she was driving in a negligent

---

manner by violating the duty which she owed the Plaintiff to exercise ordinary care in the operation of her motor vehicle in one or more of the following respects:

    a.    failing to keep a proper lookout or such lookout, which a person of ordinary prudence would have maintained under same or similar circumstances;

    b.    failing to timely apply the brakes of the vehicle in order to avoid the collision in question;

    c.    operating her vehicle at a rate of speed that was greater than an ordinary prudent person would have driven under of similar circumstances;

    d.    failing to turn the vehicle in an effort to avoid the collision in question;

    e.    failing to blow horn warning of imminent danger;

    f.    following too closely;

    g.    failing to maintain an assured, clear distance so as to avoid striking the vehicle in front of him; and

    h.    in failing to yield the right of way – turning left at intersection, alley, private road or driveway in violation of TEX. TRANSP. CODE § 545.152.

8.    Each of these acts and/or omissions, whether taken singularly or in any combination constitutes negligence and negligence per se and gross negligence which proximately caused the collision and injuries and other losses as specifically set forth herein.

## B.    NEGLIGENCE PER SE

9.    Further, Defendant failed to exercise the mandatory standard of care in violation of V.T.C.A. TRANSPORTATION CODE, §545.152 pursuant to the Negligence Per Se Doctrine which mandates that:

### §545.152 Vehicle Turning Left

To turn left at an intersection or into an alley or private road or driveway, an operator shall yield the right-of-way to a vehicle that is approaching from the opposite

---

*FELAN V. DORIN*
*Plaintiff's Original Petition, TRCP 193.7 Notice, RFD, with Attached Discovery*    *PAGE 3 OF 17*

direction and that is in the intersection or in such proximity to the intersection as to be an immediate hazard.

**10.** Each of these acts and/or omissions, whether taken singularly or in any combination constitutes negligence and negligence per se and gross negligence which proximately caused the collision and injuries and other losses as specifically set forth herein.

### C.   GROSS NEGLIGENCE

**11.** Defendant's negligent conduct was more than momentary thoughtlessness or inadvertence. Rather, the acts and/or omissions by Defendant outlined in the above paragraphs constitute gross negligence as that term is defined in §41.001(11) of the CIVIL PRACTICE & REMEDIES CODE. Defendant's conduct involved an extreme degree of risk, considering the probability and magnitude of the potential harm to the Plaintiff. Defendant had actual, subjective awareness of the risk involved but, nevertheless, proceeded in conscious indifference to the rights, safety, or welfare of the Plaintiff or others similarly situated.

**12.** The above acts and/or omissions were singularly and cumulatively the proximate cause of the occurrence in question and the resulting injuries and damages sustained by Plaintiff.

### VI.
### DAMAGES

**13.** As a direct and proximate result of the collision and the negligent conduct of the Defendant, Plaintiff **ERICK FELAN** suffered bodily injuries as reflected in the medical records from the health care providers that have treated the injuries since the collision. The injuries may be permanent in nature. The injuries have had an effect on the Plaintiff's health and well-being. As a further result of the nature and consequences of his injuries, the Plaintiff has suffered and may continue to suffer into the future, physical pain and mental anguish.

**14.**     As a further result of all of the above, Plaintiff has incurred expenses for his medical care and attention in the past and may incur medical expenses in the future to treat his injuries.

**15.**     Plaintiff has also suffered losses and damages to his personal property, including but not limited to damage to his vehicle for which he has never been compensated.

**16.**      By reason of all of the above, Plaintiff has suffered losses and damages in a sum within the jurisdictional limits of this Court for which he now sues.

**17.**     Plaintiff asserts that the amount of any monetary damages awarded to Plaintiff should be decided by a jury of Plaintiff's peers.   However, RULE 47 of the TEXAS RULES OF CIVIL PROCEDURE requires Plaintiff to affirmatively plead the amount of damages sought. Pursuant to RULE 47 of the TEXAS RULES OF CIVIL PROCEDURE, Plaintiff seeks monetary relief **OVER TWO HUNDRED THOUSAND AND 00/100 DOLLARS ($200,000.00)** but not more than **ONE MILLION AND 00/100 DOLLARS ($1,000,000.00)** and a demand for judgment for all the other relief to which Plaintiff is justly entitled at the time of filing this suit, which, with the passage of time, may change.

**VII.**
**INTEREST**

**18.**     Plaintiff further requests both pre-judgment and post-judgment interest on all his damages as allowed by law.

**VIII.**
**DEMAND FOR JURY TRIAL**

**19.**     Plaintiff **ERICK FELAN** demands a trial by jury.  Plaintiff acknowledges payment this date of the required jury fee.

---

## IX.
## REQUEST FOR DISCLOSURE

**20.**    Pursuant to RULE 194 of the TEXAS RULES OF CIVIL PROCEDURE, Defendant is requested

to disclose, within fifty (50) days of service hereof, the information and material described in

each section of RULE 194.2.

## X.
## FIRST REQUEST FOR PRODUCTION

1.    Complete and fully audible duplicate audio tapes, video tapes, and electronic recordings of all statements given by or taken from the Plaintiff, Defendant or any witnesses or persons with knowledge of relevant facts, including complete and legible transcripts.

3.    All photographs, video tapes, movies, and other graphic representations, including but not limited to plats, surveys, diagrams, sketches, and maps, of the scene of the collision, the vehicles involved, and the parties involved.

5.    All non-waiver agreements, reservation of rights letters, or other documents or communications regarding any contractual obligations, including but not limited to indemnity agreements, regarding insurance or other coverage for this wreck.

6.    All documents, records, notations, or memoranda relating to the repair and maintenance of your vehicle for the period of one (1) year immediately preceding the wreck.

7.    All documents and records for any vehicle relating to the damage and/or repair resulting from the wreck including, but not limited to, photographs, repair estimates, supplemental estimates, and salvage reports.

8.    All documents, records, reports, notations, and memoranda relating to any insurance claims, including property damage claims, or worker's compensation claims made by you as a result of this incident.

9.    All newspaper articles that pertain to or reference the wreck.

10.    All documents, records, reports, notations, or memoranda regarding the Plaintiff from persons or entities that compile claim information, insurance claims, and worker's compensation claims, specifically including the Southwest Index Bureau, ISO, and Colossus.

11.    Any and all settlement agreements, wherein you have arrived at a settlement or agreement between you and any other person, whether or not a party to this lawsuit,

---

regarding or pertaining to the incident made the basis of this lawsuit or any damages resulting therefrom.

12.     A copy of all medical records, doctor or hospital records, reports, or medical documents of any kind containing information about the plaintiff(s) and/or concerning the medical or physical condition of the plaintiff(s) which are in the possession or constructive possession, custody or control of the defendant, Defendant's attorney or anyone acting on Defendant's behalf, excluding any documents and records provided by Plaintiff.

13.     A copy of all documents relating to any criminal records pertaining to any party or witness.

14.     A copy of all medical records, doctor or hospital records, reports, or medical documents of any kind (including bills) containing information about the *defendant* arising from this accident.

15.     Produce for inspection and copying all documents, tangible things, and electronic or magnetic data obtained by depositions on written questions in this cause.

16.     A true, correct, and unaltered copy of your cellular phone or other mobile device bill for the period of two (2) hours before and after the time of the wreck, including all incoming and outgoing phone calls, data usage, emails, text messages, or other electronic communications sent or received.

17.     Any and all trial exhibits.

18.     Copy of the front and back of your driver's license.

---

*FELAN V. DORIN*                                                                        *PAGE 7 OF 17*
*Plaintiff's Original Petition, TRCP 193.7 Notice, RFD, with Attached Discovery*

Case Number: 2017CI01329                    Document Type: ENTIRE FILE CERTIFIED

# XI.
## INTERROGATORIES

1. State your full name, address, date of birth, social security number, telephone number, driver's license number, type of license, and all restrictions and endorsements to your driver's license.  If your driver's license has been suspended, or if any action has ever been initiated to suspend your driver's license, identify the agency that initiated suspension proceedings, the date(s), the reason(s) stated for each suspension, and the ultimate outcome/result.

2.

   **ANSWER:**

3. Identify each traffic citation you have received in the past ten (10) years, including any traffic citation you received as a result of this wreck. As used in this Interrogatory "Identify" means to state the date of each citation/ticket, the reason, the disposition, and the location (city and state).

   **ANSWER:**

4. Identify each motor vehicle wreck in which you have been involved as a driver, excluding the wreck made the basis of this suit. As used in this Interrogatory "Identify" means to state the date of the wreck, the identity of the other driver(s), the location (including the street, city, and state), and, if fault was determined, the result.

   **ANSWER:**

5. If you have ever been arrested for any offense, other than minor traffic violations, state the date of each arrest, the name of each arresting agency, the city and state, the offense charged, the Court, the type of plea entered, and the disposition of each arrest.

   **ANSWER:**

6. Identify each of your employers for the past five (5) years, and include dates of employment, your job title, your job duties, how you were paid (commission, hourly, salary, by the job), and the reason for termination/separation of the employment.

   **ANSWER:**

---

*FELAN V. DORIN*
*Plaintiff's Original Petition, TRCP 193.7 Notice, RFD, with Attached Discovery*

7. State whether you were acting within course and scope of any agency, employment (including self-employment), or service at the time of wreck, and if so, state the name of your employer or company for which you were performing tasks, their address, telephone number, your job title, your job duties, dates of employment / service, how you were paid (commission, hourly, salary, by the job), and describe the relationship to this company (i.e., employer/employee, independent contractor, etc.).

   **ANSWER:**

8. State where you had been just prior to the wreck, where you were going, and the purpose of the trip.

   **ANSWER:**

9. Describe in your own words how the wreck occurred, including the speed or estimated speed that your vehicle was traveling at the time, and any cause or contributing cause of the wreck, including, but not limited to, acts or omissions of negligence of any other party or parties, or potential Third-Party Defendants, sudden emergency, unavoidable accident, mechanical defect, or Act of God.

   **ANSWER:**

10. Please state whether there were any witnesses to the wreck (including any passengers in your vehicle or any other vehicle), and if so, give their name, address, and telephone number.

    **ANSWER:**

11. State the style, Court and cause number of all lawsuits you have been a party to and the final disposition of said suit.

    **ANSWER:**

12. Please provide the name(s) and address(es) of the cellular and/or wireless telephone company and the telephone number of all cellular and/or wireless telephones that were in your vehicle, in your possession, and in the possession of all passengers at the time of the wreck, and state whether you were using a wireless device of any kind at the time of the wreck.

    **ANSWER:**

---

*FELAN V. DORIN*
*Plaintiff's Original Petition, TRCP 193.7 Notice, RFD, with Attached Discovery*

*PAGE 9 OF 17*

13. State in detail what intoxicating beverages, if any, you had consumed, and what drugs and medications (including prescription and over the counter medications) that you took in the twenty-four (24) hour period prior to the wreck.

    **ANSWER:**

14. Identify all illnesses and physical conditions (including visual conditions requiring corrective lens) that you had at the time of the wreck. Please explain how these affect and/or could affect your driving abilities.

    **ANSWER:**

15. If you were not the owner of the vehicle you were driving at the time of the wreck, state the name, address, and telephone number of the owner of the vehicle, and whether you had permission from the owner to drive the vehicle.

    **ANSWER:**

16. Describe what injuries, if any, you received in the wreck and list any treating health care providers for such injuries.

    **ANSWER:**

17. Describe all statements, admissions, or declarations made by Plaintiff or conversations you had with Plaintiff at the time of the wreck, or at any time subsequent to the wreck.

    **ANSWER:**

18. State whether any other person, not a party to this lawsuit, has made a claim or filed a lawsuit against you or any other person regarding or pertaining to the wreck, and if so, please state such person's name and address.

    **ANSWER:**

19. Do you have any evidence of criminal convictions of any party or witness involved in this case?  If so, please state the following:

    a.  Date of conviction;
    b.  Nature of conviction; and
    c.  Cause number, court, and jurisdiction of conviction.

**ANSWER:**

20. State the names of all insurance companies who had primary or excess (umbrella) insurance coverage in effect on the date(s) of the incident(s) made the basis of the Plaintiff's claims against you and the policy number(s), amount(s) or limit(s) of coverage, which apply to such incident(s).  Include in your answer whether any coverage limit is an aggregate limit, whether such limit has been reduced by any other claim, and if so, the amount of such reduction.

**ANSWER:**

---

## VERIFICATION

THE STATE OF _____ §
                              §
COUNTY OF _____ §

      **BEFORE ME**, the undersigned authority, a Notary Public, on this day personally appeared _____, who being by me duly sworn under oath deposed and said that he/she is duly qualified and authorized in all respects to make this Affidavit; that he/she has read the above and foregoing answers, and that every statement contained in this Discovery is within her knowledge and completely true and correct.


_____
**Signature**


_____
**Print**


THE STATE OF _____ §
                              §
COUNTY OF _____ §

      **BEFORE   ME**,   the   undersigned   authority,   on   this   day   personally _____, who being first duly sworn, stated that each and all of the foregoing Answers to Interrogatories are true and correct.

      **SUBSCRIBED AND SWORN TO** on the _____ day of _____, **2016.**


_____
**Notary Public, State of Texas**

My Commission Expires: _____

## XII.
## REQUEST FOR ADMISSIONS

1.     Admit that you were operating the White 2007 Volvo Van, at the time of the wreck.

**ADMIT OR DENY:**

2.     Admit that you were the owner of the vehicle you were driving that was involved in the wreck.

**ADMIT OR DENY:**

3.     Admit that your negligence proximately caused the wreck.

**ADMIT OR DENY:**

4.     Admit that you are liable for the wreck and injuries which form the basis of this lawsuit.

**ADMIT OR DENY:**

5.     Admit that there was no act or omission on the part of any third person which was the sole and proximate cause of the wreck.

**ADMIT OR DENY:**

6.     Admit that the wreck was not an unavoidable accident.

**ADMIT OR DENY:**

7.     Admit that the wreck was not the result of a sudden and unexpected emergency.

**ADMIT OR DENY:**

8.     Admit that the wreck was not caused solely by an act of God

**ADMIT OR DENY:**

9.     Admit that Erick Felan did not commit any act or omissions which constituted negligence which proximately caused the wreck.

**ADMIT OR DENY:**

10.    Admit that you had a cellular telephone/device in your possession at the time of the wreck.

**ADMIT OR DENY:**

11.    Admit that you were using a cellular telephone/device at the time of the wreck.

**ADMIT OR DENY:**

12.    Admit that you were driving at an unsafe speed before impact with Plaintiff's vehicle.

**ADMIT OR DENY:**

13.    Admit that you left the scene prior to police arrival.

**ADMIT OR DENY:**

14.    Admit that you were arrested by police officers at your home for failure to stop and give information.

**ADMIT OR DENY**

15.    Admit that all vehicles must comply with the DOT "Rules of the Road."

**ADMIT OR DENY:**

16.    Admit that you gave a recorded statement(s) about the wreck.

**ADMIT OR DENY:**

---

17.     Admit that you prepared a written statement about the wreck.

**ADMIT OR DENY:**

18.     Admit that you took pictures at the scene immediately after the wreck.

**ADMIT OR DENY:**

19.     Admit that you had been drinking prior to this wreck.

**ADMIT OR DENY:**

20.     Admit that you have a criminal history.

**ADMIT OR DENY:**

21.     Admit that you have been arrested prior to this wreck.

**ADMIT OR DENY:**

22.     Admit that your responses herein are truthful.

**ADMIT OR DENY:**

---

*FELAN V. DORIN*                                                             *PAGE 15 OF 17*
*Plaintiff's Original Petition, TRCP 193.7 Notice, RFD, with Attached Discovery*

## XIII.
## NOTICE OF SELF-AUTHENTICATION

**21.**     Pursuant to RULE 193.7 of the TEXAS RULES OF CIVIL PROCEDURE, Defendant is hereby noticed that the production of any document in response to written discovery authenticates the document for use against that party in any pretrial proceeding or at trial.

## DESIGNATED E-SERVICE EMAIL ADDRESS

The following is the undersigned attorney's designated E-Service email address for all e-served documents and notices, filed and unfiled, pursuant to Tex. R. Civ. P. 21(f)(2) & 21a: rblakeley-svc@thomasjhenrylaw.com. This is the undersigned's only E-Service email address, and service through any other email address will be considered invalid.


## PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff requests that the Defendant be cited to appear and answer, and on final trial hereafter, the Plaintiff has judgment against the Defendant in an amount within the jurisdictional limits of this Court, together with all pre-judgment and post-judgment interest as allowed by law, costs of Court, and for such other and further relief to which Plaintiff may be justly entitled by law and equity, including, but not limited to:

1.     Pain and suffering in the past;
2.     Pain and suffering in the future;
3.     Mental anguish in the past;
4.     Mental anguish in the future;
5.     Past medical expenses;
6.     Future medical expenses;
7.     Physical impairment in the past;
8.     Physical impairment in the future;

9.  Physical disfigurement in the past;
10. Physical disfigurement in the future;
11. Lost wages in the past;
12. Loss of future wage earning capacity;
13. Property damage;
14. Loss of use;
15. Pre-judgment interest;
16. Post-judgment interest; and
17. Exemplary damages;



RESPECTFULLY SUBMITTED,

LAW OFFICES OF THOMAS J. HENRY
521 STARR STREET
CORPUS CHRISTI, TEXAS 78401
TELEPHONE: (361) 985-0600
FACSIMILE: (361) 985-0601

BY:    /s/REGGIE BLAKELEY
       THOMAS J. HENRY
       STATE BAR NO. 09484210
       REGGIE BLAKELEY
       STATE BAR NO. 24285740
       *email: rblakeley-svc@tjhlaw.com
       ATTORNEYS FOR PLAINTIFF

* service by email to this address only

FILED
3/13/2017 11:01:26 AM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Monica Hernandez

## CAUSE NO. 2017CI01329

| | | |
|---|---|---|
| **ERICK FELAN,** | § | IN THE DISTRICT COURT |
| *Plaintiff* | § | |
| | § | |
| **VS.** | § | 225TH JUDICIAL DISTRICT |
| | § | |
| **CAZILA DORIN** and **KENNESAW** | § | |
| **TRANSPORTATION, INC.** | § | BEXAR COUNTY, TEXAS |
| *Defendant* | § | |

---

### PLAINTIFF'S FIRST AMENDED PETITION,
### TRCP 193.7 NOTICE OF SELF-AUTHENTICATION,
### TRCP 194.2 REQUESTS FOR DISCLOSURE AND ATTACHED DISCOVERY

---

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES **ERICK FELAN,** hereinafter referred to by name or as Plaintiff, and complains of **CAZILA DORIN and KENNESAW TRANSPORTATION,** hereinafter referred to by name or as Defendants, and for cause of action would respectfully show unto the Court as follows:

### I.
### DISCOVERY CONTROL PLAN

1.    Plaintiff intends that discovery be conducted under LEVEL 3 of RULE 190 of the TEXAS RULES OF CIVIL PROCEDURE.

### II.
### PARTIES

2.    Plaintiff **ERICK FELAN** (DL No. xxxxx332, SSN xxx-xx-x712) is an individual residing in Bexar County, Texas.

3.    Defendant **CAZILA DORIN** is an individual residing in Cherokee County, Georgia, and may be served with process at her residence, no further service is necessary.

-1-

4.      Defendant **KENNESAW TRANSPORTATION, INC.** is a foreign corporation that does business in the State of Texas and they have failed to designate a registered agent with the Texas Secretary of State.  Therefore service of process pursuant to Section 5.21 of the Texas Business Organizations Code by serving the Texas Secretary of State is proper.  Service will be sent via certified mail return receipt requested to:  Service of Process, Secretary of State, P.O. Box 12079, Austin, Texas, 78711-2079.  In addition, Plaintiff will attempt service of process on the President of **KENNESAW TRANSPORTATION, INC.** Chuck Patrick at his place of business: Kennesaw Transportation, Inc., 3794 Highway 411, NE, Rydal, GA 30171.

### III.
### JURISDICTION & VENUE

4.      This Court has jurisdiction over the parties because the amount in controversy is within the jurisdictional limits of this Court. Additionally, this Court has jurisdiction over the parties because Defendant is a Texas resident and/or does business in the State of Texas.

5.      Venue is proper in Bexar County in this cause pursuant to § 15.002(a)(1) of the CIVIL PRACTICE & REMEDIES CODE because the incident which forms the basis of this lawsuit occurred in Bexar County, Texas.

### IV.
### FACTS

6.      On or about March 27, 2015, Plaintiff **ERICK FELAN** was operating a 1999 Pontiac Firebird in a lawful manner while entering IH-10 West in San Antonio, Bexar County, Texas, when his vehicle was suddenly, violently, and without warning struck on the left front quarter panel by Defendant **CAZILA DORIN**, who was operating a 2007 Volvo VN TT Semi pulling a trailer and failed to yield the right of way to another vehicle.  As a result of the collision, Julio

-2-

Cabrera, the investigating officer with the San Antonio Police Department, was called to the scene and, after an investigation, found **CAZILA DORIN** to be the at-fault driver. At the time of the wreck **CAZILA DORIN** was in the course and scope of his employment with defendant **KENNESAW TRANSPORTATION, INC.** As a proximate result of both defendants negligence and gross negligence the plaintiff suffered personal injuries as outlined below:

## V.
## CAUSES OF ACTION AGAINST
## DEFENDANT CAZILA DORIN

**A.   *NEGLIGENCE***

7.   The occurrence made the basis of this suit, reflected in the above paragraphs, and the resulting injuries and damages of Plaintiff were proximately caused by the negligent conduct of the Defendant **CAZILA DORIN**, who operated the vehicle she was driving in a negligent manner by violating the duty which she owed the Plaintiff to exercise ordinary care in the operation of her motor vehicle in one or more of the following respects:

    a.   failing to keep a proper lookout or such lookout, which a person of ordinary prudence would have maintained under same or similar circumstances;

    b.   failing to timely apply the brakes of the vehicle in order to avoid the collision in question;

    c.   operating her vehicle at a rate of speed that was greater than an ordinary prudent person would have driven under of similar circumstances;

    d.   failing to turn the vehicle in an effort to avoid the collision in question;

    e.   failing to blow horn warning of imminent danger;

    f.   following too closely;

g.      failing to maintain an assured, clear distance so as to avoid striking the vehicle in front of him; and

h.      in failing to yield the right of way – turning left at intersection, alley, private road or driveway in violation of TEX. TRANSP. CODE § 545.152.

8.      Each of these acts and/or omissions, whether taken singularly or in any combination constitutes negligence and negligence per se and gross negligence which proximately caused the collision and injuries and other losses as specifically set forth herein.

**B.    NEGLIGENCE PER SE**

9.      Further, Defendant failed to exercise the mandatory standard of care in violation of V.T.C.A. TRANSPORTATION CODE, §545.152 pursuant to the Negligence Per Se Doctrine which mandates that:

**§545.152 Vehicle Turning Left**

To turn left at an intersection or into an alley or private road or driveway, an operator shall yield the right-of-way to a vehicle that is approaching from the opposite direction and that is in the intersection or in such proximity to the intersection as to be an immediate hazard.

10.     Each of these acts and/or omissions, whether taken singularly or in any combination constitutes negligence and negligence per se and gross negligence which proximately caused the collision and injuries and other losses as specifically set forth herein.

**C.    GROSS NEGLIGENCE**

11.     Defendant's negligent conduct was more than momentary thoughtlessness or inadvertence.  Rather, the acts and/or omissions by Defendant outlined in the above paragraphs constitute gross negligence as that term is defined in §41.001(11) of the CIVIL PRACTICE & REMEDIES CODE.  Defendant's conduct involved an extreme degree of risk, considering the probability and magnitude of the potential harm to the Plaintiff.  Defendant had actual, subjective

-4-

awareness of the risk involved but, nevertheless, proceeded in conscious indifference to the rights, safety, or welfare of the Plaintiff or others similarly situated.

**12.**     The above acts and/or omissions were singularly and cumulatively the proximate cause of the occurrence in question and the resulting injuries and damages sustained by Plaintiff.

## VI.
## CAUSES OF ACTION AGAINST DEFENDANT KENNESAW TRANSPORTATION

**A.**     *NEGLIGENT ENTRUSTMENT*

**13.**     Defendant **KENNESAW TRANSPORTATION** was independently negligent by negligently entrusting their vehicle to Defendant **CAZILA DORIN** when he knew or should have known that **CAZILA DORIN** was an incompetent or reckless driver.

**14.**     Furthermore, Defendant **CAZILA DORIN** was liable for causing the collision made the basis of this lawsuit and Defendant **CAZILA DORIN's** negligence was the proximate cause of Plaintiff **ERICK FELAN'S** injuries.

**B.**     *GROSS NEGLIGENCE*

**15.**     Defendant's negligent conduct was more than momentary thoughtlessness or inadvertence. Rather, the acts and/or omissions by Defendant outlined in the above paragraphs constitute gross negligence as that term is defined in §41.001(11) of the CIVIL PRACTICE & REMEDIES CODE. Defendant's conduct involved an extreme degree of risk, considering the probability and magnitude of the potential harm to the Plaintiff. Defendant had actual, subjective

-5-

awareness of the risk involved but, nevertheless, proceeded in conscious indifference to the rights, safety, or welfare of the Plaintiff or others similarly situated.

16.     The above acts and/or omissions were singularly and cumulatively the proximate cause of the occurrence in question and the resulting injuries and damages sustained by Plaintiffs.

## VII.
## DAMAGES

17.     As a direct and proximate result of the collision and the negligent conduct of the Defendant, Plaintiff **ERICK FELAN** suffered bodily injuries as reflected in the medical records from the health care providers that have treated the injuries since the collision.  The injuries may be permanent in nature. The injuries have had an effect on the Plaintiff's health and well-being. As a further result of the nature and consequences of his injuries, the Plaintiff has suffered and may continue to suffer into the future, physical pain and mental anguish.

18.     As a further result of all of the above, Plaintiff has incurred expenses for his medical care and attention in the past and may incur medical expenses in the future to treat his injuries.

19.     Plaintiff has also suffered losses and damages to his personal property, including but not limited to damage to his vehicle for which he has never been compensated.

20.      By reason of all of the above, Plaintiff has suffered losses and damages in a sum within the jurisdictional limits of this Court for which he now sues.

21.     Plaintiff asserts that the amount of any monetary damages awarded to Plaintiff should be decided by a jury of Plaintiff's peers.  However, RULE 47 of the TEXAS RULES OF CIVIL PROCEDURE requires Plaintiff to affirmatively plead the amount of damages sought. Pursuant to RULE 47 of the TEXAS RULES OF CIVIL PROCEDURE, Plaintiff seeks monetary relief **OVER TWO**

HUNDRED THOUSAND AND 00/100 DOLLARS ($200,000.00) but not more than **ONE MILLION AND 00/100 DOLLARS ($1,000,000.00)** and a demand for judgment for all the other relief to which Plaintiff is justly entitled at the time of filing this suit, which, with the passage of time, may change.

## VIII.
## INTEREST

**22.**    Plaintiff further requests both pre-judgment and post-judgment interest on all his damages as allowed by law.

## IX.
## DEMAND FOR JURY TRIAL

**23.**    Plaintiff **ERICK FELAN** demands a trial by jury.  Plaintiff acknowledges payment this date of the required jury fee.

## X.
## REQUEST FOR DISCLOSURE

**24.**    Pursuant to RULE 194 of the TEXAS RULES OF CIVIL PROCEDURE, Defendant is requested to disclose, within fifty (50) days of service hereof, the information and material described in each section of RULE 194.2.

## XI.
## FIRST REQUEST FOR PRODUCTION TO KENNESAW TRANSPORTATION

1.    Complete and fully audible duplicate audio tapes, video tapes, and electronic recordings of all statements given by or taken from the Plaintiff, Defendant or any witnesses or persons with knowledge of relevant facts, including complete and legible transcripts.

2.    All photographs, video tapes, movies, and other graphic representations, including but not limited to plats, surveys, diagrams, sketches, and maps, of the scene of the collision, the vehicles involved, and the parties involved.

3.      All non-waiver agreements, reservation of rights letters, or other documents or communications regarding any contractual obligations, including but not limited to indemnity agreements, regarding insurance or other coverage for this wreck.

4.      All documents, records, notations, or memoranda relating to the repair and maintenance of your vehicle for the period of one (1) year immediately preceding the wreck.

6.      All documents and records for any vehicle relating to the damage and/or repair resulting from the wreck including, but not limited to, photographs, repair estimates, supplemental estimates, and salvage reports.

7.      All documents, records, reports, notations, and memoranda relating to any insurance claims, including property damage claims, or worker's compensation claims made by you as a result of this incident.

8.      All newspaper articles that pertain to or reference the wreck.

9.      All documents, records, reports, notations, or memoranda regarding the Plaintiff from persons or entities that compile claim information, insurance claims, and worker's compensation claims, specifically including the Southwest Index Bureau, ISO, and Colossus.

10.     Any and all settlement agreements, wherein you have arrived at a settlement or agreement between you and any other person, whether or not a party to this lawsuit, regarding or pertaining to the incident made the basis of this lawsuit or any damages resulting therefrom.

11.     A copy of all medical records, doctor or hospital records, reports, or medical documents of any kind containing information about the plaintiff(s) and/or concerning the medical or physical condition of the plaintiff(s) which are in the possession or constructive possession, custody or control of the defendant, Defendant's attorney or anyone acting on Defendant's behalf, excluding any documents and records provided by Plaintiff.

12.     A copy of all documents relating to any criminal records pertaining to any party or witness.

13.     A copy of all medical records, doctor or hospital records, reports, or medical documents of any kind (including bills) containing information about the *defendant* arising from this accident.

14.     Produce for inspection and copying all documents, tangible things, and electronic or magnetic data obtained by depositions on written questions in this cause.

-8-

15.     A true, correct, and unaltered copy of your cellular phone or other mobile device bill for the period of two (2) hours before and after the time of the wreck, including all incoming and outgoing phone calls, data usage, emails, text messages, or other electronic communications sent or received.

16.     Any and all trial exhibits.

17.     Copy of the front and back of your driver's license.

17.     A complete and correct copy of the employee file for **CAZILA DORIN.**

18.     All policies and procedures for **KENNESAW TRANSPORTATION** that relate in anyway to the operation of a motor vehicle.

19.     A true and correct copy of any records from any GPS tracking device or on board computer system for the day of the wreck made the basis of this lawsuit.


## XII.
## INTERROGATORIES TO KENNESAW TRANSPORTATION

1.     State your full name, address, telephone number, driver's license number, social security number, and date of birth.

**ANSWER:**


2.     If you now contend or will contend that you are not liable in the capacity in which you have been sued, or that there is a defect of parties or names of parties to this suit, fully state your contentions and identify all correct parties by stating their full correct name and by stating all facts which support your contentions.

**ANSWER:**


3.     State each and every individual act or omission on the part of the Plaintiff which you now contend or will contend at trial caused or contributed to the collision.

**ANSWER:**


4.     State each and every factor other than the alleged negligence of the Plaintiff which you now contend or will contend at trial contributed to the collision including, but not limited

-9-

to, acts or omissions of negligence of any other party or parties, or potential Third-Party Defendants; sudden emergency; unavoidable accident; mechanical defect; or Act of God.

**ANSWER:**

5.      State each and every factor which you now contend or will contend at trial caused or contributed to the Plaintiff's damages including, but not limited to, pre-existing physical or medical conditions of the Plaintiff.

**ANSWER:**

6.      Identify each traffic violation you have ever received.  As used in this Interrogatory "Identify" means to state the date of each citation/ticket, the reason, the disposition, and the location (City and State).

**ANSWER:**

7.      Identify each traffic citation you are aware of that **Cazila Dorin** has received in the past ten years. As used in this Interrogatory "Identify" means to state the date of each citation/ticket, the reason, the disposition, and the location (city and state).

**ANSWER:**

8.      Identify each motor vehicle collision in which you are aware that **Cazila Dorin** has been involved in as a driver, excluding the incident made the basis of this suit. As used in this Interrogatory "Identify" means to state the date of the collision, the identity of the other driver(s), the location (including the street, city, and state), and, if fault was determined, the result.

**ANSWER:**

9.      If you have ever been arrested for any offense other than minor traffic violations, state the date of each arrest, the name of each arresting agency, the city and state, the offense charged, the Court, the type of plea entered, and the disposition of each arrest.

**ANSWER:**

-10-

10.     State verbatim all statements, admissions, or declarations made by Plaintiff or conversations you had with Plaintiff at the time of the collision or at any time subsequent to the collision.

**ANSWER:**


11.     Identify each of your employers for the last ten (10) years.

**ANSWER:**


12.     Do you intend to use evidence of a criminal conviction of Plaintiff or any witnesses at the trial of this case?  If so, please state the following:

        a.      Date of conviction;

        b.      Nature of conviction; and

        c.      Cause number, court, and jurisdiction of conviction.

**ANSWER:**


13.     State the name, and address of the owner and all occupants of the vehicle which **Cazila Dorin** was operating at the time of the collision.

**ANSWER:**


14.     Describe in detail what damage, if any, was done to your vehicle in the collision, and give the costs of repair of your vehicle and give the name and address of the entity performing the repairs on your vehicle.

**ANSWER:**


15.     State whether any other person, not a party to this lawsuit, has made a claim or filed a lawsuit against you or any other person regarding or pertaining to the incident made the basis of this lawsuit, and if so please state such persons names and addresses.

**ANSWER:**

-11-

16.     State the style, Court and cause number of all lawsuits you have been a party to and the
        final disposition of said suit.

**ANSWER:**

17      State the names of all insurance companies who had primary or excess (umbrella)
insurance coverage in effect on the date(s) of the incident(s) made the basis of the Plaintiff
claims against you and the policy number(s), amount(s) or limit(s) of coverage which you
contend apply to such incident(s).  Include in your answer whether any coverage limit is an
aggregate limit, whether such limit has been reduced by any other claims and, if so, the amount
of such reduction.  If any deductible or self-insured retention applies, please state the amount of
same.

**ANSWER:**

18.     Please identify all illnesses and physical conditions (including visual conditions) you are
        aware of that **Cazila Dorin** has that could affect his/her ability to safely operate a vehicle,
        including, but not limited to, any medications he/she regularly takes that could affect
        his/her ability to safely operate a vehicle.  Please explain how these affect and/or could
        affect his/her driving abilities.

**ANSWER:**

19.     Please provide the name(s) and address(es) of the cellular and/or wireless telephone
        company and the telephone number of all cellular and/or wireless telephones that were in
        your vehicle and in your possession and in the possession of all passengers at the time of
        the incident.

ANSWER:

20.     If **Cazila Dorin** has a prescription for corrective lenses, please state whether or not she
        were wearing the lenses at the time of the incident made the basis of this lawsuit, what
        vision impairment the correction is for, and when the lens prescription was last updated.

ANSWER:

-12-



## VERIFICATION

**STATE OF TEXAS** §

§

**COUNTY OF** _____ §

    **BEFORE ME**, the undersigned authority, on this day personally appeared **KENNESAW TRANSPORTATION**, Defendant in the above numbered and entitled cause of action, and after being duly sworn, stated that the above and foregoing answers to interrogatories are true and correct.

                                  _____

                                  **KENNESAW TRANSPORTATION**, Defendant

-13-

**SWORN TO AND SUBSCRIBED BEFORE ME** by the said **KENNESAW TRANSPORTATION,** on this the _____ day of _____, 2017 to certify which witness my hand and seal of office.

_____
Notary Public, State of Texas

## XIII.
## REQUEST FOR ADMISSIONS TO KENNESAW TRANSPORTATION

1.   Admit that **KENNESAW TRANSPORTATION** or it's employees, gave permission to **CAZILA DORIN** to operate the 2007 Volvo VN, VIN# 4V4NC9TG97N436194 on the day of the incident made the basis of this lawsuit.

     **ADMIT OR DENY:**


2.   Admit that **KENNESAW TRANSPORTATION** was the owner of the vehicle in question on the date of the incident which is the basis of this lawsuit.

     **ADMIT OR DENY:**


3.   Admit that **CAZILA DORIN'S** negligence proximately caused the occurrence in question.

---

**ADMIT OR DENY:**

4.     Admit that you are liable for the incident and injuries which form the basis of this lawsuit.

    **ADMIT OR DENY:**

5.     Admit that there was no act or omission on the part of any third person which was the sole and proximate cause of the occurrence made the basis of this action.

    **ADMIT OR DENY:**

6.     Admit that the occurrence made the basis of this action was not an unavoidable accident.

    **ADMIT OR DENY:**

7.     Admit that the occurrence made the basis of this action was not the result of a sudden and unexpected emergency.

    **ADMIT OR DENY:**

8.     Admit that the occurrence made the basis of this action was not caused solely by an act of God.

    **ADMIT OR DENY:**

9.     Admit that the Plaintiff did not commit any act or omissions which constituted negligence which proximately caused the incident which is the basis of this lawsuit.

    **ADMIT OR DENY:**

10.     Admit that the medical bills incurred by Plaintiff were necessary for the treatment of the injuries sustained by Plaintiff and the charges for such services were reasonable.

    **ADMIT OR DENY:**

---

11.    Admit that the injuries described in Plaintiff's medical records were proximately caused by the incident which forms the basis of this suit.

**ADMIT OR DENY:**

12.    Admit that Plaintiff suffered mental anguish as a proximate result of the occurrence in question.

**ADMIT OR DENY:**

13.    Admit that Plaintiff suffered physical pain as a proximate result of the occurrence in question.

**ADMIT OR DENY:**

14.    Admit that you were aware that **CAZILA DORIN** is a reckless driver.

**ADMIT OR DENY:**

15.    Admit that you were aware that **CAZILA DORIN** is an incompetent driver.

**ADMIT OR DENY:**

16.    Admit that you knew that **CAZILA DORIN** takes medication that affects her ability to operate a motor vehicle.

**ADMIT OR DENY:**

17.    Admit that **CAZILA DORIN** was an unlicensed driver at the time of the incident made the basis of this lawsuit.

**ADMIT OR DENY:**

18.    Admit that your responses to the admissions herein are truthful.

**ADMIT OR DENY:**

---

## XIV.
## NOTICE OF SELF-AUTHENTICATION

**21.**     Pursuant to RULE 193.7 of the TEXAS RULES OF CIVIL PROCEDURE, Defendant is hereby noticed that the production of any document in response to written discovery authenticates the document for use against that party in any pretrial proceeding or at trial.

## DESIGNATED E-SERVICE EMAIL ADDRESS

The following is the undersigned attorney's designated E-Service email address for all e-served documents and notices, filed and unfiled, pursuant to Tex. R. Civ. P. 21(f)(2) & 21a: rblakeley-svc@thomasjhenrylaw.com. This is the undersigned's only E-Service email address, and service through any other email address will be considered invalid.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff requests that the Defendant be cited to appear and answer, and on final trial hereafter, the Plaintiff has judgment against the Defendant in an amount within the jurisdictional limits of this Court, together with all pre-judgment and post-judgment interest as allowed by law, costs of Court, and for such other and further relief to which Plaintiff may be justly entitled by law and equity, including, but not limited to:

1.     Pain and suffering in the past;
2.     Pain and suffering in the future;
3.     Mental anguish in the past;
4.     Mental anguish in the future;

---

5.   Past medical expenses;
6.   Future medical expenses;
7.   Physical impairment in the past;
8.   Physical impairment in the future;
9.   Physical disfigurement in the past;
10.  Physical disfigurement in the future;
11.  Lost wages in the past;
12.  Loss of future wage earning capacity;
13.  Property damage;
14.  Loss of use;
15.  Pre-judgment interest;
16.  Post-judgment interest; and
17.  Exemplary damages;



RESPECTFULLY SUBMITTED,

LAW OFFICES OF THOMAS J. HENRY
521 STARR STREET
CORPUS CHRISTI, TEXAS 78401
TELEPHONE: (361) 985-0600
FACSIMILE: (361) 985-0601

BY:   /s/REGGIE BLAKELEY
        THOMAS J. HENRY
        STATE BAR NO. 09484210
        REGGIE BLAKELEY
        STATE BAR NO. 24285740
        *email: rblakeley-svc@tjhlaw.com
        ATTORNEYS FOR PLAINTIFF

* service by email to this address only

FILED
3/17/2017 4:30:09 PM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Christopher Morrow

\T:\19000 - 99999a\20000-49999\21500.0097 - FELAN\Pldgs\Ans & Pets\orig.ans.docx\1
\March 1, 2017\REM\mms

Cause No. 2017CI01329

| | | |
|---|---|---|
| ERICK FELAN | § | IN THE DISTRICT COURT |
| *Plaintiff,* | § | |
| | § | |
| VS. | § | 225TH JUDICIAL DISTRICT |
| | § | |
| CAZILA DORIN | § | |
| *Defendant* | § | BEXAR COUNTY, TEXAS |

### ORIGINAL ANSWER OF DEFENDANT,
### DORIN CAZILA

TO THE HONORABLE JUDGE OF SAID COURT:

Now comes Defendant, DORIN CAZILA, erroneously sued as CAZILA DORIN, in the above-entitled and numbered cause, and files this his Original Answer and for such would respectfully show unto the Court as follows:

I.

Defendant generally denies the allegations contained in Plaintiff's Original Petition and asks for a trial of the issues before a jury.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that upon final hearing hereof that Plaintiff recover nothing of and from Defendant and the Court enter a judgment, and that Defendant go hence without day with all costs of court.

Respectfully submitted,

**dc&m** | Davis, Cedillo & Mendoza, INC.
ATTORNEYS AT LAW
McCombs Plaza, Suite 500
755 E. Mulberry Avenue
San Antonio, Texas 78212
Telephone No.: (210) 822-6666
Telecopier No.: (210) 822-1151

By: */s/ Ronald E. Mendoza*
        RONALD E. MENDOZA
        State Bar No. 13937700
        rmendoza@lawdcm.com

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served via electronic service, hand delivery, telecopier, U.S. regular mail, or certified mail, return receipt requested, to:

Thomas J. Henry
Reggie Blakeley
THE LAW OFFICE OF THOMAS J. HENRY
521 Starr Street
Corpus Christi, Texas 78401
rblakeley-svc@tjhlaw.com

on this 17th day of March, 2017.

        */s/ Ronald E. Mendoza*
        RONALD E. MENDOZA

PRIVATE PROCESS

Case Number: 2017-CI-01329

2017CI01329 S00001

**ERICK FELAN**
**VS.**
**CAZILA DORIN**
(Note:Attached Document May Contain Additional Litigants.)

IN THE DISTRICT COURT
225th JUDICIAL DISTRICT
BEXAR COUNTY, TEXAS

**CITATION**

"THE STATE OF TEXAS"

Directed To: CAZILA DORIN

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you." Said petition was filed on the 24th day of January, 2017.

ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS 25TH DAY OF JANUARY A.D., 2017.

PETITION

REGGIE BLAKELEY
ATTORNEY FOR PLAINTIFF
521 STARR ST
CORP CHRISTI, TX 78401-2344



**Donna Kay McKinney**
Bexar County District Clerk
101 W. Nueva, Suite 217
San Antonio, Texas 78205

By: *Eneyda Contreras-Imperial,* Deputy

OFFICER'S RETURN

I received this citation on _____ at _____ o'clock ___M. and:( ) executed it by delivering a copy of the citation with the date of delivery endorsed on it to the defendant,_____ in person on the _____ at _____o'clock ___M. at:_____ or ( ) not executed because _____ Fees:_____ Badge/PPS #:_____ Date certification expires:_____

_____County, Texas

By: _____

OR:   VERIFICATION  OF  RETURN  (If  not  served  by  a  peace  officer)  SWORN  TO  this _____

_____
NOTARY PUBLIC, STATE OF TEXAS

OR:   My name is_____, my date of birth is_____, and my address is _____(County). I declare under penalty of perjury that the foregoing is true and correct. Executed in _____County, State of Texas, on the _____ day of_____, 20_____.

_____
Declarant

**DOCUMENT SCANNED AS FILED**

CERTIFIED COPY CERTIFICATE STATE OF TEXAS
I, DONNA KAY McKINNEY, BEXAR COUNTY DISTRICT
CLERK, CERTIFY THAT THE FOREGOING IS A TRUE
AND CORRECT COPY OF THE ORIGINAL RECORD AS
INDICATED BY THE VOLUME, PAGE AND COURT ON
SAID DOCUMENT.  WITNESSED MY OFFICIAL HAND
AND SEAL OF OFFICE ON THIS:

*March 24, 2017*

**DONNA KAY McKINNEY**
**BEXAR COUNTY, TEXAS**

By: _____

IRMA K TORRES, Deputy District Clerk
*(NOT VALID WITHOUT THE CLERKS'S ORIGINAL SIGNATURE.)*