IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ERICK FELAN<br>*Plaintiff* | § § § | |
| v. | § § § § | CIVIL ACTION NO. 5:17-cv-00250 |
| CAZILA DORIN and KENNESAW TRANSPORTATION, INC.<br>*Defendant* | § § § | |

**DEFENDANT, KENNESAW TRANSPORTATION, INC.'S,
ANSWER TO PLAINTIFF'S FIRST AMENDED PETITION**

Defendant, Kennesaw Transportation, Inc. ("Defendant"), by its attorneys Davis, Cedillo & Mendoza, Inc., hereby answers Plaintiff, Erick Felan's First Amended Original Petition as follows:

**Discovery Control Plan**

1. The assertions in paragraph 1 are legal conclusions to which no response is required. To the extent a response is required, Defendants lack sufficient information to admit or deny the truth of the allegations in paragraph 1.

**Parties**

2. Admitted.

3. Defendant Dorin Cazila was improperly named by Plaintiff as Cazila Dorin. This Defendant admits that Dorin Cazila is a resident of the State of Georgia.

4. This Defendant is a foreign corporation which does not do business in the State of Texas. Defendant Kennesaw is a registered corporation of the State of Georgia.

## Jurisdiction and Venue

4.      [*Sic*] Defendant Kennesaw denies Bexar County District Court has proper jurisdiction over this case as Defendant Kennesaw is a foreign corporation which does not do business in the state of Texas.  Defendant Kennesaw further denies it is a Texas resident and denies that it does business in the State of Texas.  Venue and Jurisdiction is proper in the United States District Court for the Western District of Texas.  Otherwise, Defendant denies the allegations in paragraph 4 [*sic*].[1]

5.      Defendant Kennesaw denies Bexar County District Court has proper jurisdiction over this case as Defendant Kennesaw is a foreign corporation which does not do business in the state of Texas.  Defendant Kennesaw further denies it is a Texas resident and denies that it does business in the State of Texas.  Venue and Jurisdiction is proper in the United States District Court for the Western District of Texas.  Otherwise, Defendant denies the allegations in paragraph 5.

## Facts

6.      Defendant lacks sufficient information to admit or deny the truth of the allegations in paragraph 6.  Otherwise, Defendant denies the allegations in paragraph 6.

## Causes of Action Against Defendant Cazila Dorin [*sic*]

7.      Responding to paragraph 7, Defendant alleges and incorporates here its prior responses.  The assertions in paragraph 7 are legal conclusions to which no response is required.  To the extent a response is required, Defendants lack sufficient information to admit or deny the truth of the allegations in paragraph 7.  Otherwise, Defendant denies the allegations in paragraph 7.

---

[1] Please note that in Plaintiff's First Amended Petition filed in Bexar County District Court, said petition included two paragraphs with the number 4.  Defendant is responding herein as numbered in Plaintiff's First Amended Petition filed in State District Court.

8.     Responding to paragraph 8, Defendant alleges and incorporates here its prior responses. The assertions in paragraph 8 are legal conclusions to which no response is required. To the extent a response is required, Defendants lack sufficient information to admit or deny the truth of the allegations in paragraph 8. Otherwise, Defendant denies the allegations in paragraph 8.

9.     Responding to paragraph 9, Defendant alleges and incorporates here its prior responses. The assertions in paragraph 9 are legal conclusions to which no response is required. To the extent a response is required, Defendants lack sufficient information to admit or deny the truth of the allegations in paragraph 9. Otherwise, Defendant denies the allegations in paragraph 9.

10.    Responding to paragraph 10, Defendant alleges and incorporates here its prior responses. The assertions in paragraph 10 are legal conclusions to which no response is required. To the extent a response is required, Defendants lack sufficient information to admit or deny the truth of the allegations in paragraph 10. Otherwise, Defendant denies the allegations in paragraph 10.

11.    Responding to paragraph 11, Defendant alleges and incorporates here its prior responses. The assertions in paragraph 11 are legal conclusions to which no response is required. To the extent a response is required, Defendants lack sufficient information to admit or deny the truth of the allegations in paragraph 11. Otherwise, Defendant denies the allegations in paragraph 11.

12.    Responding to paragraph 12, Defendant alleges and incorporates here its prior responses. The assertions in paragraph 12 are legal conclusions to which no response is required. To the extent a response is required, Defendants lack sufficient information to admit or deny the truth of the allegations in paragraph 12. Otherwise, Defendant denies the allegations in paragraph 12.

## Causes of Action against Defendant Kennesaw Transportation

13.     Responding to paragraph 13, Defendant alleges and incorporates here its prior responses. The assertions in paragraph 13 are legal conclusions to which no response is required.  To the extent a response is required, Defendants lack sufficient information to admit or deny the truth of the allegations in paragraph 13.  Otherwise, Defendant denies the allegations in paragraph 13.

14.     Responding to paragraph 14, Defendant alleges and incorporates here its prior responses. The assertions in paragraph 14 are legal conclusions to which no response is required.  To the extent a response is required, Defendants lack sufficient information to admit or deny the truth of the allegations in paragraph 14.  Otherwise, Defendant denies the allegations in paragraph 14.

15.     Responding to paragraph 15, Defendant alleges and incorporates here its prior responses. The assertions in paragraph 15 are legal conclusions to which no response is required.  To the extent a response is required, Defendants lack sufficient information to admit or deny the truth of the allegations in paragraph 15.  Otherwise, Defendant denies the allegations in paragraph 15.

16.     Responding to paragraph 16, Defendant alleges and incorporates here its prior responses. The assertions in paragraph 16 are legal conclusions to which no response is required.  To the extent a response is required, Defendants lack sufficient information to admit or deny the truth of the allegations in paragraph 16.  Otherwise, Defendant denies the allegations in paragraph 16.

## Damages

17.     Responding to paragraph 17, Defendant alleges and incorporates here its prior responses. The assertions in paragraph 17 are legal conclusions to which no response is required.  To the extent a response is required, Defendants lack sufficient information to admit or deny the truth of the allegations in paragraph 17.  Otherwise, Defendant denies the allegations in paragraph 17.

18. Responding to paragraph 18, Defendant alleges and incorporates here its prior responses. The assertions in paragraph 18 are legal conclusions to which no response is required. To the extent a response is required, Defendants lack sufficient information to admit or deny the truth of the allegations in paragraph 18. Otherwise, Defendant denies the allegations in paragraph 18.

19. Responding to paragraph 19, Defendant alleges and incorporates here its prior responses. The assertions in paragraph 19 are legal conclusions to which no response is required. To the extent a response is required, Defendants lack sufficient information to admit or deny the truth of the allegations in paragraph 19. Otherwise, Defendant denies the allegations in paragraph 19.

20. Responding to paragraph 20, Defendant alleges and incorporates here its prior responses. The assertions in paragraph 20 are legal conclusions to which no response is required. To the extent a response is required, Defendants lack sufficient information to admit or deny the truth of the allegations in paragraph 20. Defendant further denies Bexar County District Court has proper jurisdiction over this case. Otherwise, Defendant denies the allegations in paragraph 20.

21. Responding to paragraph 21, Defendant alleges and incorporates here its prior responses. The assertions in paragraph 21 are legal conclusions to which no response is required. To the extent a response is required, Defendants lack sufficient information to admit or deny the truth of the allegations in paragraph 21. Otherwise, Defendant denies the allegations in paragraph 21.

## Interest

22. Responding to paragraph 22, Defendant alleges and incorporates here its prior responses. The assertions in paragraph 22 are legal conclusions to which no response is required. To the extent a response is required, Defendants lack sufficient information to admit or deny the truth of the allegations in paragraph 22. Otherwise, Defendant denies the allegations in paragraph 22.

### Demand for Jury Trial

23. Defendant hereby demands a jury trial as well.

### Request for Disclosure

24. The assertions in paragraph 24 are legal conclusions to which no response is required.

### Conclusion and Prayer

25. Defendant denies that Plaintiff is entitled to any of the relief sought by way of his complaint.

                Respectfully submitted,

                **dc&m | Davis, Cedillo & Mendoza, INC.**
                ATTORNEYS AT LAW
                McCombs Plaza, Suite 500
                755 E. Mulberry Avenue
                San Antonio, Texas  78212
                Telephone No.:  (210) 822-6666
                Telecopier No.:  (210) 822-1151

            By: */s/ Ronald E. Mendoza*
                RONALD E. MENDOZA
                State Bar No. 13937700
                rmendoza@lawdcm.com
                BRANDON E. STREY
                State Bar No. 24084969
                bstrey@lawdcm.com

                ATTORNEYS FOR DEFENDANT,
                KENNESAW TRANSPORTATION, INC.

## **CERTIFICATE OF SERVICE**

     I hereby certify that the foregoing document was electronically filed with the clerk of the court using the CM/ECF system. Pursuant to Fed. R. Civ. P. 5(a)-(d), all counsel of record not deemed to have consented to electronic service will be served with a true and correct copy of the foregoing by mail, United States Postal Service, on this 17th day of April, 2017.

    Thomas J. Henry
    Reggie Blakeley
    THE LAW OFFICE OF THOMAS J. HENRY
    521 Starr Street
    Corpus Christi, Texas 78401
    rblakeley-svc@tjhlaw.com
    ATTORNEYS FOR PLAINTIFF

                        */s/ Ronald E. Mendoza*
                        RONALD E. MENDOZA